RICHARD P. WARDELL, Respondent, v. THE
    CHICAGO, ROCK ISLAND & PACIFIC RAIL-
    WAY COMPANY, Appellant.

### Kansas City Court of Appeals, April 29, 1912.

1. **DAMAGES, DOUBLE: Killing Live Stock.** Plaintiff sued for
   double damages for the killing of seventeen hogs at a point
   on the defendant's right of way where the statute required
   the maintenance of lawful fences. The evidence showed that
   the fence had been in bad repair for a long time and that the
   point where the hogs entered the right of way was outside
   a platted city. *Held*, that the case was properly submitted to
   the jury.

2. **PLEADING: Demurrer, Answer to Merits.** By answering to
   the merits, the right to have the action of the court in over-
   ruling a demurrer to the petition, was waived, and if the peti-
   tion, liberally construed, will support a verdict, appellate courts
   will hold it sufficient; no matter how inartificial it may be.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D.
    Burnes,* Judge.

AFFIRMED.

*Paul E. Walker* and *E. C. Hall* for appellant.

Defendant's demurrer and its objection to any
evidence under the pleadings should have been sus-
tained. Corcoran v. Railroad, 138 Mo. 417; Boyle v.
Railroad, 21 Mo. App. 416; Hurd v. Chappell, 91 Mo.
App. 322; Manz v. Railroad, 87 Mo. 278; Ehret v.
Railroad, 20 Mo. App. 251; Ward v. Railroad, 91 Mo.
168; Brassfield v. Patton, 32 Mo. App. 572; Nance v.
Railroad, 79 Mo. 196; Rhea v. Railroad, 84 Mo. 345.
This action is for double damages under old section
1105, now 3145, of Revised States 1909, which is a
penal statute and must be strictly construed, and
pleadings thereunder must show that every exception
therein has been negatived. Jones v. Railroad, 52

Mo. App. 381; Russell v. Railroad, 83 Mo. 507; Wood v. Tel. Co., 59 Mo. App. 236; Manz v. Railroad, 87 Mo. 278.

R. H. *Musser* for respondent.

The petition sufficiently charges that the lands complained were inclosed lands and that appellant had fenced same, and that it failed in its duty, as required by law, to keep and maintain same so as to properly turn stock, as is required by section 3145, Revised Statutes 1909. Marion v. Railroad, 127 Mo. App. 131; Summer v. Railroad, 29 Mo. App. 41; Duncan v. Railroad, 91 Mo. App. 67; Chubbuck v. Railroad, 77 Mo. 591; Nance v. Railway, 79 Mo. 196; Cline v. Railroad, 119 Mo. App. 245; Fraysher v. Railroad, 66 Mo. App. 574; Wood v. Railroad, 43 Mo. App. 294; Farrell v. Trust Co., 77 Mo. 475; Baggs v. Railroad, 156 Mo. 389.

JOHNSON, J.—This is an action under section 3145, Revised Statutes 1909, to recover double damages for the killing of seventeen head of hogs at a point on defendant's railroad where the statute required the maintenance of lawful fences. Defendant demurred to the petition on the ground that it fails to state a cause of action but the demurrer was overruled and defendant filed an answer in the nature of a general traverse. The trial resulted in a verdict for plaintiff for one hundred and sixty dollars and on motion of plaintiff the court rendered judgment for double that amount. Defendant appealed.

Defendant insists that the petition does not state a cause of action. By answering to the merits the demurrer was waived and if the petition liberally construed will support a verdict, we must hold it sufficient however inartificial it may be. The petition alleges "That on or about the ——— day of May, 1910, and for a long time prior thereto, the defendant failed to

maintain and keep its said fence along its said right
of way, along the premises of this plaintiff, being
along the west side of its said railway track, and for
a space of more than two hundred yards north of the
cattle guards on the north line of the city of Platts-
burg, Missouri, in repair, and failed and neglected and
refused to keep and maintain the same in the condition
required by law, and failed, neglected and refused to
keep and maintain said fence so as to prevent stock
from entering upon its said right of way along said
premises, but permitted the same to remain out of
repair and in the condition aforesaid for a long space
of time, and defendant, its servants and agents, had
knowledge of or could have known by reasonable cau-
tion of the conditions herein set forth in ample time
to have repaired said fence and placed same in the
condition required by law prior to the killing and
injury of the stock of plaintiff herein complained of,
but defendant, its servants and agents, failed, neg-
lected and refused in anywise to remedy the defects
of its said fence along said right of way or to take
any precaution against injuring plaintiff's said stock.

Plaintiff further states that on or about the 6th
day of June, 1910, by reason of the conditions afore-
said, seventeen head of hogs of this plaintiff, then in
the premises aforesaid and along the right of way of
said defendant's railway, entered upon the railway
track of the defendant, at a point along its said right
of way, and at a point where defendant was and is
required to fence and maintain a lawful fence, about
150 feet north of the cattle-guards of said railway,
located on the northwest line of the corporate limits
of the city of Plattsburg, Missouri, and without the
corporate limits of any incorporated city, town or
village, and were at said time run upon and struck
by one of the defendant's locomotives and trains,
whereby fifteen thereof were killed and two were in-

jured to plaintiff's damage in the sum of two hundred dollars, and for this sum the plaintiff prays judgment.''

Counsel for defendant argue: ''The petition alleges that the hogs were in premises 'along the right of way,' and 'entered upon the railway track  .  .  . at a point *along* its said right of way,' but nowhere says defendant's tracks and right of way were outside the limits of any platted town or public road, nor that the road ran along, through or adjoining inclosed or cultivated fields.  The statement, 'at a point where defendant was and is required to fence,' is not a statement of fact, but a mere conclusion.''

Under the rule of liberal construction to which we have referred we find the facts alleged place the point the animals entered the right of way through the defective fence at 150 feet north of the limits of the city of Plattsburg, and the same distance north of the cattle-guard, and it is a fair inference that this point was not at a public crossing nor within the limits of a city or town and was where the railroad ran along, through or adjoining inclosed or cultivated fields.  The double damage statute is penal and all of the facts constitutive of a cause of action under it must be alleged and proved but they may be alleged by direct averment or by the averment of other facts from which their existence necessarily must be implied.  [Manz v. Railway, 87 Mo. l. c. 281.]  Tested by this rule the petition before us is sufficient to support the judgment.

The evidence of both parties shows that the fence was in bad repair and had been in this condition for a long time before the killing.  The evidence of plaintiff shows that the point where the hogs entered the right of way was outside the city limits of Plattsburg and that seventeen head of hogs were either killed outright or badly injured by a passing train.  The evidence of defendant tends to show that the place of

Wardell v. Railroad.

the killing and of the entry of the hogs was inside the limits of the city and that only seven hogs were killed or injured.. These issues were submitted to the jury in appropriate instructions and the verdict has settled them in favor of plaintiff.

Point is made that the court erred in admitting certain evidence offered by plaintiff, but the point cannot be considered for the reason that no objection was offered to the question now deemed objectionable. Moreover, the question related to a fact not in dispute and even if timely objection had been interposed, we would deem the error harmless.

The cause was fairly tried and the judgment. is affirmed. All concur.